And each side has 10 minutes on this. Thank you. Good morning, Your Honors. Peter Dionne Kindem on behalf of plaintiff and appellant Paul Kranich. I'd like to reserve three minutes for rebuttal. The first thing I'd like to discuss is the trial court's error in dismissing the probate code accounting claim and the business and professions code section 6091 claim. We've introduced in our brief and before the district court ample California Supreme Court holdings that say a duty to account by a trustee does not have a statute of limitations. And it's only where the trustee repudiates the trust that the beneficiary is required to act. There's nothing in the record here in our complaint that Mr. Girardi. You brought similar actions on behalf of other settlement recipients in 2008, and there was another action against the defendants alleging fraud in 2001. So how can Mr. Kranich demonstrate due diligence for purposes of a fraudulent concealment claim to toll the statute of limitations? Well, number one, when you have a fiduciary duty such as a trustee and a beneficiary, the duty of the beneficiary is lessened. He does not have to go out and ferret out information as to whether or not his trustee has breached its duty. OK, so how many years does he have to get tolling for here? Well, the tolling for an accounting claim, and I'm focusing on our probate accounting claim, there's no tolling in the statute under the probate code. It just says you're entitled to an accounting on demand. And that makes sense. And so when it a demanded. Even after the estate is closed. The estate has not been closed. There's nothing in the record in the complaint saying that the estate was closed. But yes, even hypothetically, Your Honor, even if a trustee says, OK, I have 20 pieces of property. I've given you a check saying you've got your share. I give you no accounting. And I've sold the last piece of property. I get no accounting ever. So it goes forever. It goes until he gives an accounting. That's one of the duties of a trustee. But he's got to ask for the accounting sometime. So how long do you get before you ask for the accounting? You're saying at, quote unquote, discovery. No, under the California Supreme Court law, it's when the trustee repudiates his trust. Or technically, if you had noticed that your trustee is stealing from you, his secretary sends a letter anonymously and says, you know what? 20 years ago when he said he paid you everything he owed he was really ripping you off by paying his wife's attorney's fees in their divorce proceeding out of the corpus and claiming it was really legitimate attorney's fees. How else is the beneficiary supposed to know? I mean, if the trustee can successfully conceal his fraud and concealment forever, then he's always going to have a free pass if he doesn't account. So which way should it cut? When you have a trustee who's stealing money and successfully hides it? Does he get a free pass because he's been able to hide it for 20 years? Does that make sense? Well, it seems that you're asking for a rule that you argue that Kranich was entitled to rely on the defendants because they had a fiduciary duty. But if the fiduciary nature of the relationship suffice, wouldn't virtually any agreed party be able to avoid the statute of limitations for an accounting claim brought against an attorney? I mean, I think that's what you're asking for. Let's forget the label of attorney-trustee. Mr. Girardi was a trustee. The money went into his trust account. He was signatory in the account. He was a trustee, just like a bank trustee taking over 20 pieces of property as a trustee. So attorneys always put something in that account. Not necessarily. I mean, you don't create a trustee relationship if you just put it in an operating account. But here, the money was put into his trust account. So he clearly was a trustee. So the issue is, when you have a trustee who's stealing from his beneficiaries, when does the cause of action, two issues, for the fraud, for the stealing, when does that accrue? It accrues when you have notice. That's the classic discovery statute. When the beneficiary has notice of facts that puts him on a reasonable person would believe that his trustee is stealing from him. We don't have that. There's a fraud action in 2001, and then you represented other people in 2008. Right, but I didn't represent Mr. Kranich at the time. And the fact that there was a fraud action in 2001, Mr. Girardi concealed that from my client. He never told him about that action. He was his attorney at the time. He was getting sued, and he did not, in violation of his trustee duty, to disclose that. He concealed it from my guy. The complaint says my guy wasn't aware of it. So there was an action, but Girardi concealed it. My guy didn't know about it. So what? Was there anything, is there anything in this case that's different than what was argued in the Britain case that the California Court of Appeals published the decision on? Well, number one, in Britain, there was no independent claim for a probate accounting. So that's a totally separate issue, because under the probate code, you're entitled to an accounting. And in Britain, it's contradictory to the Prakashpillan case. And in Britain, the Britain court never explained, and counsel for defendant in this case never explained, how the fact that a retired judge's involvement would put a client on notice that he's being ripped off. How the fact that a client signs a release to get money puts the client on notice that his attorney is ripping him off by taking excessive fees and costs. The Britain court doesn't explain that. Defense counsel doesn't explain it. Where's the logic to that? I guess my question, and I didn't articulate it well, is that if we find the reasoning of the Britain court persuasive, what's left in this case? Well, OK. I won't address the if you find it persuasive, in Britain, there was not an independent claim for an accounting under the probate code. A probate claim. Right. There's a probate code request for an accounting. And that was not present. But I think, again, if you look at the Britain opinion, take a look at that, all they say is, well, you knew you were signing a settlement agreement. That puts you on notice that your attorney was stealing from you. Makes no sense. You knew that a retired judge was allocating between the participating plaintiffs. You know, you get x, you get y. How does that fact put the client on notice that Mr. Girardi's taking excessive fees and costs? It doesn't at all. And the Britain court doesn't explain that. So you have the Britain court saying that this puts you on notice, but doesn't explain how. And it's totally illogical. And in fact, it's inconsistent with Prakash Pillan, in which the court said, when you don't give an accounting, you're not on notice of stuff because you haven't gotten an accounting. Do you want to reserve your little under two minutes? I'm sorry. Thank you, Your Honor. I just wanted to alert you on that. Thank you. May it please the court, Martin Buchanan appearing for the appellees. It seems to me what is going on here is that Mr. Dion Kindom is trying to re-litigate the same issues that he's lost in prior cases in the California Court of Appeal. And he is essentially trying to get this court to decide that the California courts got California law all wrong. He's argued in his briefs, and again this morning, that the published decision in Britain was wrongly decided. He's argued in his briefs that the unpublished decision in Gutierrez versus Girardi was also wrongly decided. And that, of course, is a case that's on all fours with this case. The problem for Mr. Dion Kindom is, and it's really not a question of whether the court finds Britain persuasive, the rule in this circuit is that this court will follow California Court of Appeal decisions interpreting California law unless there's persuasive evidence that the California Supreme Court would reject those holdings. Here, there's no persuasive evidence that the California Supreme Court would reject Britain or Gutierrez. In fact, Mr. Dion Kindom filed a petition for review to the California Supreme Court in Britain that was denied without a single vote to grant. He filed another petition for review to the California Supreme Court in Gutierrez that was also denied without a single vote to grant. And in those petitions, he made exactly the same arguments that he's making today as to why Britain was allegedly wrongly decided, as to why it was allegedly inconsistent with Prakashpillan. So this court essentially is bound to follow the California Court of Appeal decisions interpreting California law. And if Britain and Gutierrez were correctly decided, then there is nothing left here. Britain, Gutierrez was a case, and I realize that it's an unpublished decision, but the court can look to unpublished decision and unpublished California decisions in determining California law. And this one is particularly persuasive because it is exactly the identical same case as this case with a different plaintiff. Same underlying Lockheed litigation, same underlying facts in Gutierrez as in this case. The last settlement went out in 2001. The plaintiff's claims were dismissed in 2002, exactly the same as what occurred with Mr. Kranich. Exact same allegations of wrongdoing against Mr. Girardi. The only difference between the Gutierrez case and this case is that Mr. Gutierrez filed his claims in 2008, seven years after his case, Lockheed case, was dismissed. And Mr. Kranich filed his case in 2016, 15 years after his Lockheed case was dismissed. Gutierrez- Can I ask you this? Does it make a difference for purposes of tolling of the statute of limitations on Kranich's fraudulent concealment claim that he received no accountings rather than falsified accountings? Well, I think that puts him on notice. That puts him on notice that perhaps something wrong has been done. And the whole- That there were no accountings? Correct. And that's really kind of the basis for Britain and the Gutierrez case is that if you have knowledge that basically the allegations in this case, I've received settlement checks and no explanation of how they were calculated or what costs or fees were withheld. And in addition to that, I knew that there were presiding judges who were presiding over the settlement allocation. I knew I had a right to a hearing before those judges. I was given an opportunity for a personal meeting with one of those judges. If I'm being asked to accept these settlement checks with no explanation whatsoever, then I'm on inquiry notice to at least go through that procedure and inquire through the mechanism that's been made available, these retired judges, and inquire as to what the basis was for these checks that I'm receiving. Mr. Kranich was only too happy to accept these checks back in 1992 through 2001. Knowing that he didn't have the information that he now complains he didn't have. He had a right to demand an accounting back in 2001 when the last settlement check was issued. In fact, the duty of an attorney to provide an accounting is not even dependent on a demand. The duty to provide an accounting was back in 2001. And Prakash Balan is very clear that the statute of limitations for an accounting under the probate code begins to run when the duty of accounting arises. Prakash Balan, in a sentence that was quoted by the district court, explicitly says, with respect to trust accounts, probate code section 16460 applies to a fiduciary's duty to provide an accounting to a beneficiary and provides a three-year limitations period that is triggered by the trustee's accounting duty. So- Could we assess this case under the CCP section 340.6 or the probate code section 16460 or neither or does it matter? I don't think it matters. Either way, the duty of an accounting arose no later than 2001. So whether you apply the three-year probate code provision or the maximum four-year under the CCP, the claim is barred. Our contention is it is a claim that arises out of a professional obligation and under Lee versus Hanley, which is the California Supreme Court's decision, that would be governed by 340.6. But again, it doesn't matter. Either way, the claim is barred by the statute of limitations. And the argument that there is simply no statute of limitations for an accounting claim and somebody can wait decades after the fact to demand an accounting from an attorney, decades after the ethical obligation to preserve the accounting records has long since evaporated, that was explicitly rejected in Gutierrez. Gutierrez explicitly stated that the continuing trust cases that counsel cites are not applicable to a situation where an attorney receives settlement funds, disperses the settlement funds, and then it's no longer a continuing trust. Gutierrez stated, there is nothing like that in this case, which involves an attorney's distributions of settlement proceeds during a finite period of time, an unlimited statute of limitations would make no sense under these circumstances. So there's no California Supreme Court decision that counsel can point to that shows that that decision on California law by the California Court of Appeal is an incorrect application of California law. So, and it does make sense that you can't wait indefinitely after the duty to preserve accounting records has evaporated and then suddenly decades later insist on an accounting. The other point that I want to briefly go over is that the Gutierrez court accepted the argument that we've made in this case as well, which is with respect to the ANZURIS action back in 2001, where essentially these same fraud claims were made against the Girardi firm. And counsel has pointed out that Mr. Girardi didn't inform his client allegedly of the ANZURIS action, but the court in Gutierrez noted that Mr. Kranich back in 2001 was represented not only by Mr. Girardi, but also by Mr. Larson. Mr. Larson was co-counsel. And the Court of Appeal in Gutierrez concluded Mr. Larson was Mr. Kranich's agent in the Lockheed litigation. It's undisputed that Mr. Larson knew of those allegations of misconduct directed against Mr. Girardi back in 2001, and under the doctrine of imputed knowledge, Mr. Larson's knowledge of the alleged wrongdoing is conclusively imputed to Mr. Kranich under the principal-agent relationship. Now, that decision, again, an application of California law by the Gutierrez court is perfectly consistent with all California authorities on the doctrine of imputed knowledge as it applies generally, and as it applies to the statute of limitations. We've argued that same point in our brief. So the fact that he claims he did not have actual knowledge of that 2001 fraud claim is really neither here nor there, because his principal, Mr. Larson, had knowledge of those fraud allegations back in 2001, and that knowledge is imputed to him. So the district court correctly ruled that Mr. Kranich was on inquiry notice of his claims no later than 2001 under any conceivable statute of limitations. He can't wait 15 years after 2001 to bring this action, and therefore, all of his claims are barred by the statute of limitations. Unless there are questions, I'll submit. They did not appear to me. Thank you. Thank you. Briefly, with respect to the 16460 probate code statute of limitations, that only applies by its terms to claims for wrongful conduct. It does not apply by its terms to the right for an accounting. In fact, counsel is saying that the unpublished decision of Gutierrez, which has no precedential value, is consistent with California law as to the right when you can have an accounting. That's absolutely not true. The California Supreme Court, in Ray de la Vega's state, held, the obligation of a trustee to account is a continuing duty, and the beneficiary's right to demand an accounting runs with that duty and may be asserted so long as that duty remains unperformed. The trustee's mere failure to account without more may not be deemed an entire repudiation of the trust so as to start the statute running. Here, there was no accounting. We're entitled to an accounting under the probate code. We've asked for an accounting. They haven't provided it. We're entitled to it. Now, you asked for it in 2015, right? Yes. Okay, I just want to make clear. That's correct. That's when we asked for it. This whole imputation of Mr. Larson's knowledge has no application because Mr. Larson was never retained by Mr. Kranich vis-a-vis Mr. Gutierrez. You can only have imputation when your agent has been retained to transact business with a third party, and there's no evidence that Mr. Larson was ever retained by Mr. Kranich to do anything with respect to Gutierrez. So, you can't impute something when it's outside the scope of their agency. Mr. Larson was retained to pursue the chemical company defendants, not to pursue Mr. Girardi. Second point, briefly. Yes, very briefly. Thank you. Because you took your time. I appreciate it. The second point, when you have an adverse agent such as Mr. Girardi and Mr. Larson, who admittedly concealed his knowledge from his own client about Girardi, that does not impute. Because otherwise, you could always say, well, my agent knew, he concealed it from me, but his knowledge is imputed. And that's not the law. Larson knew, he concealed it in violation of his duty. He can't be, his knowledge therefore cannot be imputed to Mr. Kranich. Thank you. Thank you for your argument. Thank you both for your argument. This matter will stand submitted.
judges: Callahan, Nguyen, Bataillon